

For The Plaintiffs In The Adversary Proceeding

190 N. Millport Circle
The Woodlands TX 77382
Phone (281) 681-1170, Ext. 3
Fax (281) 715-5755
Email - chuck@chucknewton.net
Website - stayviolation.com

**In The United States Bankruptcy Court**
**For The Northern District Of Texas**
**Fort Worth Division**

| | |
|---|---|
| **In re:** | |
| | **Case No. 06-40303-frn13** |
| **John Kevin Pitman** | **Chapter 13 Bankruptcy** |
| **Barbara Ann Pitman** | |
|       **Debtors** | |
| ----------------------------------------------------------- | |
| **John Kevin Pitman** | |
| **Barbara Ann Pitman** | |
|       **Plaintiffs** | |
| **v.** | **Adv. No.** |
| **Wells Fargo & Company** | |
| **d/b/a America's Servicing Company** | |
|       **Defendant** | |

## Complaint for Contempt and Damages

Plaintiffs ("Mr. and Mrs. Pitman") would show the Bankruptcy Court as follows:

### BASIS OF THE COMPLAINT

1. Defendant willfully violated the automatic stay issued in the above entitled and numbered bankruptcy by, among other things, continuing to assess and charge Mr. and Mrs. Pitman for insurance on real estate that was surrendered and foreclosed upon.

### APPLICABILITY OF BAPCPA AMENDMENTS

2. Since the above-entitled and numbered Chapter 13 bankruptcy was filed on February 6, 2006, BAPCPA applies to this Complaint for Contempt and Damages.

### JURISDICTION AND CORE PROCEEDING

3. This Court has jurisdiction to consider the claims of this Complaint for Contempt and Damages pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). The Court has the authority to

enter a final order regarding this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2) and any related proceeding pursuant to 28 U.S.C. § 157(c)(1).

## THE PARTIES

4.  Mr. and Mrs. Pitman are the Debtors in the above named and numbered Chapter 13 proceeding.

5.  The Defendant, Wells Fargo & Company d/b/a America's Servicing Company, is a Creditor in the above named and numbered Chapter 13 proceeding. The Defendant has a registered agent for service of process, Corporation Service Company, which may be served at 2711 Centerville Road Suite 400, Wilmington DE 19808.

## THE FACTS AND BACKGROUND

6.  On or about August 5, 2004 Mr. and Mrs. Pitman purchased the homestead real estate located at 4209 Vista Ridge Lane, Alvarado, Texas 76009 ("the real estate property"). Defendant financed the purchase of the real estate property. In return for financing the purchase of the real estate property by Mr. and Mrs. Pitman, Defendant took or kept a security interest or collateral interest in the real estate property.

7.  Notice to Defendant of Mr. and Mrs. Pitman's bankruptcy filing is not in dispute. It has received numerous instances of notice and participated in the bankruptcy several times, including, without limitation: the 341 notice, the filing of two notices of appearance, the filing of two motions for relief from stay and the filing of a proof of claim.

8.  On February 6, 2006 Mr. and Mrs. Pitman commenced the above-entitled and numbered Chapter 13 bankruptcy by the filing of a Chapter 13 petition pursuant to 11 U.S.C. § 301. The filing of this bankruptcy petition constituted an order for relief under 11 U.S.C. § 301.

9. The commencement of the above-entitled and numbered Chapter 13 bankruptcy created an estate that included, among other things, "all legal or equitable interests of the debtors in property as of the commencement of the case," pursuant to 11 U.S.C. § 541.

10. On February 6, 2006 Mr. and Mrs. Pitman had a property interest in the homestead real estate property that is the subject of this case.

11. The post-petition earnings of Mr. and Mrs. Pitman were made part of the bankruptcy estate pursuant to 11 U.S.C. § 1306(a).

12. Mr. and Mrs. Pitman's post-petition income or earnings were not, are not, and should not be subject for payment to Defendant for any claim, obligation or liability they might have had with Defendant.

13. On February 6, 2006 Mr. and Mrs. Pitman filed bankruptcy schedules with the Bankruptcy Court. These schedules provided for the pre-petition claim of Defendant.

14. On February 9, 2006 the Notice of Meeting of Creditors was mailed to Defendant at a correct address. This constituted notice of the above-entitled and numbered Chapter 13 bankruptcy. In fact, this notice contained a conspicuous warning against violating the automatic stay. There is a presumption that Defendant received the notice mailed.

15. On February 10, 2006 Mr. and Mrs. Pitman filed a Chapter 13 Plan with the Bankruptcy Court. This Plan provided for the pre-petition claim of the Defendant as secured.

16. On February 16, 2006 a proof of claim regarding the real estate property was filed with the Bankruptcy Court by or on behalf of Defendant. The proof of claim is identified in the Court's claim register as POC #2. POC #2 was dated by Defendant or the representative of Defendant on February 16, 2006. POC #2 substantiates notice to and knowledge of Mr. and Mrs. Pitman's Chapter 13 bankruptcy. It further acknowledges that the claim of Defendant is pre-petition.

17. On November 3, 2006, Defendant filed a Motion for Relief from Stay. On December 7, 2006 Defendant withdrew this motion.

18. On January 23, 2007, Defendant filed a second Motion for Relief from Stay. On May 17, 2007 the Court entered an Agreed Order Conditioning the Automatic Stay.

19. On January 7, 2008, Defendant filed a Notice of Termination of Automatic Stay Due to Failure to Cure Default. This document lifted the stay as to the real estate property only.

20. On February 7, 2008, Defendant, through its attorneys, Barrett Burke Wilson Castle Daffin & Frappier, L.L.P. sent correspondence to Mr. and Mrs. Pitman stating that the real estate property would be sold at foreclosure on March 4, 2008.

21. On information and belief, Defendant foreclosed on the real estate property on March 4, 2008.

22. On March 27, 2008 Defendant sent correspondence to Mr. and Mrs. Pitman. The letter was entitled "NOTICE OF HAZARD INSURANCE". The letter stated, "your house is now insured by Standard Guaranty Insurance Company. The annual premium is shown on the policy. This premium is being charged to your escrow account. If you do not have an escrow account, one is being established for you. Your monthly mortgage payment will be increased to include the cost of this policy."

23. This letter was very upsetting to Mr. and Mrs. Pitman. They had recently lost their homestead real estate property and this letter led them to believe that they were still responsible to pay for insurance for the real estate property they no longer owned.

24. On or about January 17, 2009, Defendant issued a 1099-A to Mr. and Mrs. Pitman for abandonment of secured property. The 1099-A listed the date of lender's acquisition or knowledge of abandonment as March 4, 2008.

25. Despite its own records reflecting that it had knowledge of the foreclosure of the real estate property as of March 4, 2008, on January 6, 2009 Defendant sent correspondence to Mr. and Mrs. Pitman regarding hazard insurance for the property. This letter also upset Mr. and Mrs. Pitman. Many months had passed since Defendant sent a similar letter, so they thought this chapter of their life was behind them. They were wrong and the letter frightened them because they thought they would have to pay for insurance for the real estate property they no longer owned.

26. Mr. and Mrs. Pitman's bankruptcy filing is some evidence of their financial vulnerability.

27. Mr. and Mrs. Pitman lack the resources necessary to police the conduct of Defendant and, hence, prevent the unique harm that has occurred due to the prohibited conduct of Defendant.

28. The collection practices and/or actions of Defendant, as stated above, have resulted in a substantial amount of undue frustration, anxiety and mental anguish or distress by Mr. and Mrs. Pitman, which is more than fleeting and inconsequential, and which is substantiated by the facts of this case alone, but is also manifested in the following ways, but not limited to:

   a. Violation of the core bankruptcy rights and Constitutional rights.
   b. Anxiety.
   c. A sense of failure.
   d. A lack or diminution of self-worth.
   e. A significant amount of stress.
   f. Harassment.
   g. A sense of embarrassment and discomfort that is greater than the general level of embarrassment and discomfort felt in filing bankruptcy or for the inability to pay a debt or bill.

**VIOLATION OF THE AUTOMATIC STAY PROVISIONS**

29. Defendant violated 11 U.S.C. § 362(a)(1), (3), (5) and (6).

30. No exceptions exist within 11 U.S.C. § 362(b) or other provisions of the United States Bankruptcy Code or other applicable law that allow for the conduct of Defendant in regard to the automatic stay injunctions, as stated above.

31. Defendant is liable to Mr. and Mrs. Pitman pursuant to 11 U.S.C. § 362(k).

32. Defendant willfully violated the automatic stay in that Defendant: (1) violated the automatic stay, (2) had knowledge of the automatic stay, and (3) intended the actions described above.

33. Defendant cannot demonstrate any such present inability to comply with the automatic stay.

## CONTEMPT

34. Defendant should be held in contempt for violating the orders and injunctions of the Bankruptcy Court pursuant to 11 U.S.C. § 105.

## DAMAGES

35. Mr. and Mrs. Pitman seek an award of actual damages to cover the value of any loss, any out-of-pocket expenses or cost incurred, including the value of the personal time of Mr. and Mrs. Pitman in having to deal with the conduct and actions of Defendant, and in having to participate in this adversary proceeding.

36. It was necessary to employ Charles (Chuck) Newton and his law firm, Charles Newton and Associates, to represent Mr. and Mrs. Pitman in this Complaint for Contempt and Damages. Chuck Newton and his law firm are entitled to compensation for this representation. Mr. and Mrs. Pitman request this Court to award to Chuck Newton and his law firm all attorneys' fees, costs and expenses due and owing, and which will become due and owing as a result of prosecuting this adversary proceeding to conclusion.

37. Mr. Fred Charles Kennedy III, and his law firm, who represents Mr. and Mrs. Pitman in the above-entitled and numbered Chapter 13 bankruptcy, has been required to expend on behalf of Mr. and Mrs. Pitman attorneys' fees, costs and expenses in representing Mr. and Mrs. Pitman in these matters, as well as assisting Chuck Newton in his duties to Mr. and Mrs. Pitman. Mr. and Mrs. Pitman request this Court to award to Mr. Kennedy, and his law firm, all attorneys' fees, costs and expenses due and owing, and which will become due and owing as a result of prosecuting this adversary proceeding to conclusion.

38. Damages for emotional distress are sought by Mr. and Mrs. Pitman.

39. An award of prejudgment interest, applying the "historical rate plus interest" method, is being sought by Mr. and Mrs. Pitman.

40. Punitive damages should be awarded to Mr. and Mrs. Pitman.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Plaintiffs, Mr. and Mrs. Pitman, that the Court will:

1. Find that Defendant violated one or more of the automatic stay provisions in the above-entitled and numbered Chapter 13 bankruptcy;

2. Find that the violation of the automatic stay by Defendant was "willful". Also, find that the violation of the automatic stay was intentional;

3. Sanction and award against Defendant all actual damages for financial and non-financial harm or injury incurred by Mr. and Mrs. Pitman, including attorneys' fees, costs and expenses, for the violation of the automatic stay by Defendant in the above-entitled and numbered Chapter 13 bankruptcy;

4. Find Defendant in contempt for violating the order(s) of the Court;

5. Sanction and award to Mr. and Mrs. Pitman damages necessary to coerce Defendant into compliance with this Court's order(s), as well as the orders of other bankruptcy courts in which Defendant may come into contact;

6. Award to Mr. and Mrs. Pitman, and for the benefit of Chuck Newton, all of the attorneys' fees, costs and expenses incurred with Chuck Newton, and the law firm of Charles Newton & Associates, in representing Mr. and Mrs. Pitman in these matters;

7. Award to Mr. and Mrs. Pitman, and for the benefit of Mr. Fred Charles Kennedy III, all of the attorneys' fees, costs and expenses incurred with Mr. Kennedy, and his law firm, in representing Mr. and Mrs. Pitman in these matters;

8. Award pre-judgment interest;

9. Find that appropriate circumstances exist for an award of punitive damages;

10. Award punitive damages to the extent not inconsistent with federal law, but in any event not less than three times the actual damages, including attorneys' fees, costs and expenses awarded in this case; and

11. Grant any and all other relief in equity or in law to which Mr. and Mrs. Pitman may be entitled.

Respectfully submitted,

_____
**CHARLES (CHUCK) NEWTON**
Texas Bar No. 14976250
**CHARLES NEWTON & ASSOCIATES**

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing Complaint for Contempt and Damages was served on the following parties, not otherwise served by summons, via electronic means, if possible, otherwise by the means stated below:

| | |
|---|---|
| John Kevin Pitman | MAIL (First Class) |
| Barbara Ann Pitman | FAX (No) |
| *Debtors / Plaintiffs* | EMAIL (No) |
| P.O. Box 1194 | |
| Alvarado TX 76009-1194 | |
| | |
| Fred Charles Kennedy III | MAIL (No) |
| *Bankruptcy Atty. for Mr. and Mrs. Pitman* | FAX (No) |
| 2405 Cales Drive | EMAIL ckennedy@birch.net |
| Suite A | |
| Arlington TX 76013 | |
| | |
| Tim Truman | MAIL (First Class) |
| *Chapter 13 Trustee* | FAX (No) |
| 6851 N.E. Loop 820 | EMAIL (No) |
| Suite 300 | |
| Fort Worth TX 76180 | |
| | |
| Office of the United States Trustee | MAIL (First Class) |
| 1100 Commerce Street | FAX (No) |
| Room 976 | EMAIL (No) |
| Dallas TX 75242-1496 | |

DATED: April 5, 2009

_____
**CHARLES (CHUCK) NEWTON**